UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CITY OF WOONSOCKET :
:
v. : C.A. No. 08-167S
:
NOEL D.E. DANDY :

**REPORT AND RECOMMENDATION**
**FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On May 6, 2008, Defendant Noel D.E. Dandy, filed a "Notice of Removal." (Document No. 1). Defendant's Removal Notice was accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00 civil case filing fee. (Document No. 2). After reviewing Defendant's Application to Proceed IFP, this Court concludes that he is unable to pay fees and costs in this matter and thus, his Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Defendant's "Notice of Removal" *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Defendant's Notice of Removal be remanded to the Woonsocket Municipal Court because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

In his Notice of Removal, Defendant seeks to remove to this Court a City of Woonsocket police complaint citing him for violating a city noise ordinance. Defendant claims he was denied the right to a jury trial and that he was "denied the same right's [sic] white are given because of his color." (Document No. 1 at 1). Specifically, Defendant claims that his constitutional and civil rights were violated by the City of Woonsocket and the Woonsocket Police Department when they "fail[ed] to use a decimal [sic] reader on 3 different visit's [sic] & denial of a trial by jury...." Defendant claims removal is proper under 28 U.S.C. § 1443.

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court is recommending that the Defendant's Notice of Removal be dismissed and that this action be remanded to the City of Woonsocket Municipal Court pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Defendant's Notice of Removal as true, and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Defendant's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to the facts alleged in Defendant's Notice of Removal, the Court lacks subject matter jurisdiction over the claims set forth by the Defendant.

In this action, Defendant was charged by the Woonsocket Police Department with a noise violation under a provision of the City's Code of Ordinances. The Woonsocket Municipal Court Complaint attached to the Removal Notice states that the noise violation occurred on April 7, 2008. Defendant attached several exhibits to his Removal Notice, including a document which purports to be a "Complaint" and a demand for a jury trial. The Complaint sets forth vague allegations about an injury he sustained in 1994. Defendant seeks a jury trial, and also asks the Court to award him "punitive damages medical assistance, Justice. Defendant demands 200 million." Document No. 1-4 at 2. Defendant states that the basis for removal to this Court is 28 U.S.C. § 1443.

Section 1443, 28 United States Code allows a defendant in a state court proceeding to remove to federal court if he cannot enforce his civil rights in state court. That section provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof....

In order to be removable to a Federal Court under 28 U.S.C. § 1443, the Defendant must demonstrate that, "the right allegedly denied [the defendant] arises under a federal law providing for specific civil rights stated in terms of racial equality." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Here, there are two reasons Defendant's Removal Notice fails to state a claim – first, Defendant has not removed an action commenced in a "State court;" and second, he has not alleged or demonstrated a violation of his rights based on race.

The first deficiency in the Removal Notice is that § 1443 only permits a litigant to remove an action commenced in a State court. In this matter, Defendant attempts to remove an action from the City of Woonsocket Municipal Court. A municipal court is not a part of the Rhode Island state court system, and thus is not a court from which an action can be removed pursuant to § 1443. See City of Providence v. Favor Inv. Co., No. 98-207L, 1998 WL 381256, *2-3 (D.R.I. June 8, 1998).

Second, even assuming *arguendo* that the Woonsocket Municipal Court was a State court for purposes of removal, Defendant's claims must still be dismissed because he fails to allege a violation of rights based on race. Defendant alleges he was denied his right to a jury trial based on race, but this allegation is insufficient to support removal under 28 U.S.C. § 1443. See State Farm Mut. Auto. Ins. Co. v. Baasch, 644 F.2d 94, 97 (2nd Cir. 1981) (stating that the "Seventh Amendment's guarantee of civil jury trial, [ ] is phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." (citation omitted)). Thus, a claimed denial of a jury trial is not sufficient to support removal under § 1443.

Finally, Defendant does not have any federal constitutional or statutory right to a jury trial in a case involving an alleged noise ordinance violation which, if convicted, carries a potential fine ranging from $100.00 to $500.00. Defendant also has not shown that he would be unable to raise his claim of a failure to use a decibel reader in his Municipal Court trial. Defendant has no legal right to transfer or remove his pending noise ordinance citation from Municipal Court to Federal Court.

Having reviewed the Notice of Removal and relevant case law, this Court recommends, for the reasons discussed above, that Defendant's Notice be remanded pursuant to 28 U.S.C. § 1915(e)(2).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 12, 2008